DECISION AND JUDGMENT ENTRY
{¶ 1} Thomas Toft appeals the Scioto County Common Pleas Court's order denying his request for a modification of child support. After reviewing Mr. Toft's sole assignment of error, we find that Mr. Toft's appeal is in fact an attempt to revisit the trial court's September 19, 2001 order, which established Mr. Toft's child support obligation. Since a timely appeal of that order was not filed, we have no jurisdiction to review it.
 {¶ 2} Mr. Toft's notice of appeal indicates that he is appealing the trial court's order of May 20, 2002. This order adopted the magistrate's decision denying Mr. Toft's motion to modify child support. In his sole assignment of error, Mr. Toft alleges: "The trial court erred in properly calculating defendant's child support."
 {¶ 3} In his only assignment of error, Mr. Toft argues that the Scioto County Child Support Enforcement Agency used an improper income amount when calculating his child support obligation. Nowhere in his brief does Mr. Toft argue that the trial court committed error with regard to his motion to modify child support. Instead, he appears to be requesting a review of the Domestic Relations Court order setting child support at $793.00 per month.
 {¶ 4} App.R. 4(A) provides: "A party shall file the notice of appeal required by App.R. 3 within 30 days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure."
 {¶ 5} The Domestic Relations Court order establishing Mr. Toft's child support obligation was entered on September 19, 2001.
 {¶ 6} Any error in that order should have been appealed within the 30 day period mandated by App.R. 4(A). Because Mr. Toft failed to initiate a timely appeal, we have no jurisdiction to review the Domestic Relations Court's September 19, 2001 order. Moreover, Mr. Toft does not argue that any errors occurred in connection with his motion to modify. Accordingly, the trial court's order denying his motion to modify is summarily affirmed. See, App.R. 12(A)(2).
JUDGMENT AFFIRMED.